# IN THE COURT OF APPEALS OF IOWA

No. 18-1518
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALEXANDER DOUGLAS BLAESS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Howard County, John J. Bauercamper, Judge.

The defendant appeals the denial of his motion to suppress. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Police officers executed a search warrant on Alexander Blaess's home and recovered methamphetamine that Blaess ultimately admitted was his. But Blaess moved to suppress, arguing the search warrant was unsupported by probable cause, which the district court denied. Afterward, Blaess agreed to a bench trial on a stipulated record. He was convicted of possession of a controlled substance (methamphetamine). *See* Iowa Code § 124.401(5) (2017).

On appeal, Blaess challenges the denial of his motion to suppress, reiterating his argument the search warrant was unsupported by probable cause. *See* U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); Iowa Const. art. I, § 8 ("[N]o warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.").

The path to obtaining a search warrant follows long-standing case law. "Our review of challenges to a ruling on the merits of a motion to suppress is de novo because such claims implicate constitutional issues." *State v. Baker*, 925 N.W.2d 602, 609 (Iowa 2019). "We use the totality-of-the-circumstances standard to determine whether officers established probable cause for issuance of a search warrant." *Id.* at 613. "We do not, however, make an independent determination of probable cause; we merely decide whether the issuing judge had a substantial basis for concluding probable cause existed." *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997). "We draw all reasonable inferences to support the judge's finding

of probable cause and decide close cases in favor of upholding the validity of the warrant." *Baker*, 925 N.W.2d at 614. We take this deferential stance because "[w]e have . . . generally endorsed the warrant-preference requirement." *See State v. McNeal*, 867 N.W.2d 91, 100 (Iowa 2015) (quoting *State v. Ochoa*, 792 N.W.2d 260, 285 (Iowa 2010)).

The test for whether probable cause exists to issue a search warrant is:

> "whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." Probable cause to search requires a probability determination that "(1) the items sought are connected to criminal activity and (2) the items sought will be found in the place to be searched."

*State v. Shanahan*, 712 N.W.2d 121, 131–32 (Iowa 2006) (citations omitted). "In determining whether a substantial basis existed for a finding of probable cause, we are 'limited to consideration of only that information, reduced to writing, which was actually presented to the [judge] at the time the application for warrant was made.'" *Gogg*, 561 N.W.2d at 363 (alteration in original) (quoting *State v. Godbersen*, 493 N.W.2d 852, 855 (Iowa 1992)). "In reviewing the warrant application, we interpret the affidavit of probable cause in a common sense, rather than in a highly technical manner." *Baker*, 925 N.W.2d at 614. We recognize "[t]he issuing court must make a probability determination that the items sought are connected to criminal activity and the items will be found in the place to be searched." *Id.* at 613.

The question Blaess asks is whether there is sufficient evidence in the warrant application to establish probable cause of his possession of controlled substances, drug paraphernalia, or evidence of drug trafficking in his home when

the officers applied for the search warrant. To support his contention there was not, Blaess argues (1) the informant relied upon by police, Daniel Andersen,[1] lacked credibility and reliability, (2) the information provided established "mere suspicion" of a crime rather than probable cause, and (3) there was an insufficient nexus between the information given to support an underlying crime and the location searched—Blaess's home.

According to the warrant application, Police Officer Shannon Cox came across Andersen in the lobby area of the law center. At the time, Cox saw Andersen "getting confrontational with" Blaess, who was known by the officer. Officer Cox asked to speak with Andersen on another issue. Based on the officer's observations, it appeared clear that Andersen was under the influence of a controlled substance. Andersen then admitted use of methamphetamine several times since his release from police custody less than one week before. He told the officer that one of the times he used the drug, it was with Blaess. According to Andersen, Blaess came into the residence Andersen was at "with possession of methamphetamine and they used that narcotic via a syringe." With these

---

[1] In his appellate brief, Blaess claims another witness, Travis Klimesh, lacked credibility and reliability. This specific issue was not both raised to and decided by the district court, so we do not consider it on appeal. *See Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). Because Blaess asks us to consider anything we find unpreserved under an ineffective-assistance-of-counsel framework, we preserve this claim for possible postconviction relief. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. Rather, we preserve such claims for postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." (citation omitted)).

admissions and observations, Officer Cox placed Andersen under arrest. Officers interviewed Andersen again the next day, and he reaffirmed the same information about drugs and Blaess. Providing the officers details, Andersen included several names and the various apartment units within a single building of those using methamphetamine. "The names and locations given to the Cresco Police Department [were] ones that are familiar with being involved in the illegal narcotics activity."

To bolster his first claim, Blaess maintains the application is silent on the credibility and reliability of Andersen and so urges us to consider the warrant application without Andersen's statements. Even so, naming Andersen in the warrant (as opposed to "anonymous") tends to enhance his credibility. *See State v. Niehaus*, 452 N.W.2d 184, 190 (Iowa 1990). There is also the allegation Andersen directly witnessed Blaess in possession of methamphetamine. *See id.* And Andersen directly incriminated himself in the information he gave police. *See State v. Weir*, 414 N.W.2d 327, 332 (Iowa 1987) (considering "whether the information furnished was against the informant's penal interest"). While Andersen was under the influence of a controlled substance when he first shared the information with the police, he shared the same information the next day, after being held in police custody overnight. And Andersen's information included other individuals' names and their corresponding home addresses, which the police knew to be correct information. *See id.* (noting courts consider the specificity of the facts detailed by the informant); *see also Niehaus*, 452 N.W.2d at 191 (noting the corroboration of details of the informant's information, even when not inculpatory details, supports the reliability of the information). Thus there is

sufficient information within the warrant application for the issuing judge to find Andersen credible and to rely on his statements.

Next when considering Andersen's statements, in relation to the other information provided in the warrant application, we have little trouble finding the issuing judge had a substantial basis for concluding probable cause existed. Andersen witnessed Blaess commit a crime; Blaess brought methamphetamine to a residence and shared it with others. Blaess argues the "highly consumable nature of drugs," combined with Andersen's belief that the drugs Blaess possessed were already gone, means there was not probable cause there were other drugs, drug paraphernalia, or evidence of drug trafficking could be found. We disagree. First, even if the entirety of the drugs in Blaess's possession were consumed, it does not necessarily follow that one would dispose of the corresponding drug paraphernalia. Plus, other information in the warrant application supported the inference that Blaess's involvement with or use of methamphetamine was ongoing.

Other support exists for the warrant. About five weeks before the warrant application was filed, Officer Cox witnessed a vehicle linked to Blaess parked outside the apartment building where Andersen described several individuals had used methamphetamine. Officer Cox initiated a stop of the vehicle. The driver reported he lived with Blaess and had dropped him off at a friend's house. The driver said Blaess told him he would be a while so the driver could leave. Officer Cox observed the driver leave, go to his and Blaess's residence, switch vehicles, and then return to the apartment building. Blaess exited the apartment building a short time later.

Similarly, less than two weeks before the warrant application was filed, Officer Cox was dispatched to the apartment building for a noise complaint. Blaess's fiancée was in a car parked in the alley outside the building. She told the officer she had dropped Blaess off and was just waiting for him to come back out. When the officer went to the apartment—the same apartment involved in the noise complaint—the residents denied that Blaess was inside. Officer Cox reported this to the fiancée, who tried to call Blaess without success. It was after these two documented instances of Blaess being in the apartment building that Blaess and Andersen ingested Blaess's methamphetamine together.

In the end, Blaess's continued visits to a home with known drug users and known drug activity, combined with an informant who saw Blaess arrive with and consume methampethamine in that home, is sufficient to establish probable cause of Blaess' possession of drugs, drug paraphernalia, or other evidence of drug trafficking.

Finally, Blaess maintains even if probable cause were established that he had involvement with illegal drugs, nothing linked those actions to his home. But it is not necessary that an individual observe drugs or other evidence in a defendant's home to make the necessary connection between the illegal activity and the location to be searched. *See State v. Hoskins*, 711 N.W.2d 720, 728 (Iowa 2006) (noting that while there must be a nexus between the placed to be searched and the items to be seized, "direct observation is not required to establish the nexus, as it 'can be found by considering the type of crime, the nature of the items involved, the extent of the defendant's opportunity for concealment, and the normal inferences as to where the defendant would be likely to conceal the items'" (citation

omitted)).  "It is reasonable to assume that persons involved with drug trafficking would keep evidence—drugs, weighing and measuring devices, packaging materials and profits—at their residences."  *Godbersen*, 493 N.W.2d at 855.

In summary, we find a substantial basis existed for concluding drugs, drug paraphernalia, or evidence of drug trafficking would be found in Blaess's home at the time warrant was issued.  Thus, we affirm the denial of Blaess's motion to suppress.

**AFFIRMED.**